**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimen Irizarry, | No. CV 11-310-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa; Town of Gilbert; Maricopa County; Arizona Department of Public Safety; John Does 1 through 15, | |
| Defendants. | |

Plaintiff filed a complaint in Maricopa County Superior Court. Defendant City of Mesa removed to Federal Court. Plaintiff's first cause of action is titled excessive force. Plaintiff's second cause of action is titled 42 U.S.C. § 1983. Plaintiff titled his third cause of action perjury. The parties stipulated to dismiss the perjury count. Doc. 55 at 4. All three remaining Defendants have now moved for summary judgment on the two causes of action remaining in the complaint.[1]

**I. Factual Background**

In his response to Defendants' motions, Plaintiff makes the following allegations that are not materially disputed by Defendants. On January 28, 2010, Gilbert police officers conducted a stop of the vehicle Plaintiff was driving. Doc. 62 at 1. Plaintiff had a passenger

---

[1] The Department of Public Safety was dismissed on July 26, 2011.

in his vehicle. *Id.* During this stop, Plaintiff's passenger shot and killed one of the Gilbert police officers. *Id.* at 2. Plaintiff and his passenger fled the scene and were pursued by Gilbert, Mesa, and Maricopa County police officers. *Id.* Plaintiff's vehicle ran out of gas. *Id.* Plaintiff and his passenger took cover in front of his vehicle. *Id.* Plaintiff was shot in the leg and the foot, but he does not know by whom. *Id.* Plaintiff was apprehended by police. *Id.* Plaintiff's DNA was not located on the weapons in Plaintiff's vehicle. *Id.*

Plaintiff was tried in Maricopa County Superior Court based on the incidents on January 28, 2010. He was convicted of 8 counts of aggravated assault, 4 counts of drive-by shooting, and one count of unlawful flight. Doc. 62 at 3.

In addition to the foregoing facts, Plaintiff makes an additional factual allegation that is disputed. Specifically, Plaintiff claims that while he was being apprehended, he was "physically assaulted by the officers from several different agencies, and dragged while face-down and handcuffed across the hot asphalt blacktop of the roadway." Doc. 62 at 2. As already indicated, Defendants dispute this factual allegation.[2]

Defendants make the following additional factual allegations, which Plaintiff does not dispute. When Plaintiff and his passenger fled from the scene, the ensuing chase by police lasted for over 40 minutes and spanned over 49 miles. Doc. 55 at 3. During the chase, the passenger in Plaintiff's vehicle threw tools at the pursuing officers and shot at them. Doc. 56 at 2. While Plaintiff and his passenger were taking cover in front of their vehicle, Plaintiff's passenger fired shots at the police officers who were attempting to apprehend

---

[2] By way of example, Defendant Mesa states, "The 'hot pavement' described by [Plaintiff] is a fiction. The incident took place on January 28, 2010, and it was dark and raining. (Affidavit of Brian Jutting, ¶¶ 2 and 9, Doc. 51-4, p. 2)." The "hot asphalt" quote comes from Plaintiff's statement of facts (Doc. 62 at 2), which cites to 25 pages of Plaintiff's deposition as the "source" for all of the facts listed in paragraph 5. The Court has read these 25 pages. Plaintiff *himself* never says the pavement was hot; thus, it appears that Defendant Mesa's allegation that this is a fictional statement is better directed at Plaintiff's *lawyer*.

them. Doc. 53 at 4; Doc. 51 at 3.[3] Plaintiff has never identified which officer(s) shot him, nor which officer(s) allegedly assaulted and dragged him while he was being apprehended. Doc. 55 at 3; Doc. 62-1, pages 6-9 (Deposition of Plaintiff); Doc. 56-3 at 2, lines 7-9 (Plaintiff's Response to Defendant Maricopa County's First set of Interrogatories).[4] Finally, Defendants note that they have a standard of care expert who has opined that the officers all acted reasonably and within the standard of care. Doc. 56 at 4. Plaintiff has not disclosed an expert to contradict Defendants' expert's opinion.

In his complaint, Plaintiff is suing for monetary damages arising from his injuries he sustained while he was being apprehended by the police.

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). Further, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Analysis

### A. Federal Claim

All Defendants argue that the Federal claim must be dismissed under the *Heck* bar and *Monell*. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).

---

[3] In his deposition, Plaintiff states that he does not know if his passenger was firing at the officers. Doc. 51-2 at 18. Thus, Plaintiff does not dispute or contradict the officers' sworn statements that his passenger was firing at them while Plaintiff and the passenger took cover in front of the truck.

[4] Regarding the identity of the alleged actors, Defendant Mesa notes that Plaintiff never took any depositions in this case and that discovery is now closed. Doc. 64 at 7.

1. ***Heck* Bar**

Generally, *Heck* holds that, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments [including] § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement... ." *Heck*, 512 U.S. at 486. The Ninth Circuit Court of Appeals has further explained this bar as follows: "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 389, 695 (9th Cir. 2005) (en banc) (quotations and citation omitted). In *Beets v. County of Los Angeles*, 669 F.3d 1038, 1043-44 (9th Cir. 2012), the Court of Appeals further explained that if the criminal activity cannot be separated from the officer's actions, the *Heck* bar applies.

Thus, the *Heck* bar applies when there is no break between the criminal activity and the police response. *Id*. at 1044. For example, when the police act during the course of the criminal activity to bring that activity to an end (by shooting and killing one of the criminals), the *Heck* bar applies. *Id* at 1044-45. However, the *Heck* bar would not apply if the alleged assault by police occurred after the criminal was detained. *City of Hemet*, 394 F.3d at 698.

Here, Plaintiff was convicted of unlawful flight. It is undisputed that Plaintiff would have continued to flee but for the officers pursuing and detaining him. Thus, Plaintiff's claims of excessive force under § 1983 based on the officers shooting him, jumping on him and placing him into police custody are all barred by *Heck* because the criminal activity and the police response were all a single temporal event. Therefore, the motions for summary judgment on the Federal claim, based on the *Heck* bar, will be granted.

2. ***Monell***

Alternatively, Defendants move for summary judgment arguing that even if Plaintiff's Federal claim was not barred by *Heck*, it cannot survive summary judgment under *Monell*. For Plaintiff to state a claim under § 1983, Plaintiff must allege that an individual acting under color of state authority violated a federal law or a constitutional right of Plaintiff. 42

- 4 -

U.S.C. § 1983. A county, city or other entity cannot be liable under § 1983 on a *respondeat superior* theory. *Monell*, 436 U.S. at 691; *see also McMillian v. Monroe County*, 520 U.S. 781, 783 (1995). Generally, Plaintiff must show a policy, practice or custom of each Defendant which permitted the alleged constitutional violation to occur. *See Christie v. Iopa*, 176 F.3d 1231, 1234-35 (9th Cir. 1999). The local government body may also be liable when the individual actor who caused the constitutional violation was a "final policy maker" for the body. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Finally, the local government body may also be liable if they failed to properly train the employees and that failure in training caused the constitutional violation. *See Jackson v. Hawe*, 388 F.3d 676, 686 (9th Cir. 2004).

In this case, Plaintiff alleges none of the above theories of municipal liability in the complaint. In response to Defendants' argument that Plaintiff failed to state a claim that would survive *Monell*, Plaintiff argues:

> Here, if the police are alleged to be acting in a statutorily presumed reasonable manner, using statutorily permitted reasonable force, there must be policies in place within each of these three governmental entities that govern how they do so. Here, those policies resulted in the serious injury of an unarmed man, who was shot by police officers and they claim [sic] was reasonable force. These policies have gone seriously awry and liability attaches to these Defendants for their actions. An employer is vicariously liable for action taken by an employee within the scope of their employment. *See Engler v. Gulf Interstate Engineering, Inc.*, 230 Ariz. 55, 57, 280 P.3d 599, 601 (2012).

Doc. 61 at 8.

In sum, Plaintiff's entire argument for liability on his Federal § 1983 claim against these governmental body Defendants is premised on a single cite to an Arizona case on *respondeat superior*. As a matter of law, this fails to state a claim under *Monell*. *Monell*, 436 U.S. at 694. Further, Plaintiff's supposition that there must be policies, and that those policies must have lead to a constitutional violation, fails to put forward evidence of a disputed issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 322. Accordingly, Defendants' motions for summary judgment on the Federal claim will be granted for the alternative reason that Plaintiff failed to state a claim or establish an issue of fact for trial under *Monell*.

**B.    State Law Claim**

**1.    Lack of Evidence Supporting Plaintiff's State Law Claim**

Plaintiff's complaint makes the following allegations in his state law excessive force claim:

> 4. The Defendants JOHN DOES 1 through 15 are, upon information and belief and, were at all times relevant herein agents or employees of one or more of the Defendants, City of Mesa, Town of Gilbert, Maricopa County or Arizona Department of Public Safety. The true names of JOHN DOES 1-15 are not known, but will be provided to the Court when the are discovered.
>
> 8. ... JOHN DOES 1 through 15 acting as agents and employees of the Defendants and each of them had a duty to use reasonable force in their attempts to stop Plaintiff's vehicle and arrest the Plaintiff. The JOHN DOES 1 through 15 acting as agents and employees of the Defendants and each of them did breach their duty of reasonable force by using excessive force in their attempts to stop the Plaintiff's vehicle and to arrest the Plaintiff. JOHN DOES 1 through 15 acting as agents and employees of the Defendants and each of them did shoot the Plaintiff while he was unarmed and did not pose any threat to them. The Defendants and each of them are responsible for the actions of their agents and employees under the legal doctrine of *respondeat* [sic] *superior*.
>
> 9. As a result of the use of excessive force by the agents and employees of the Defendants and each of them, the Plaintiff suffered severe bodily injuries. As a result of the bodily injuries suffered by the Plaintiff, the Plaintiff incurred damages. The Plaintiff is entitled to be compensated monetarily for the said damages that he incurred.

Doc. 1-1 at 6; Doc. 68-1 at 2.

Each Defendant now moves for summary judgment on Plaintiff's *respondeat superior* liability theory. *Respondeat superior* liability must be based on an underlying "action" or tort by the employee. *See* AZ JICIV SI 5 - Respondeat Superior Liability.

Two Defendants treat Plaintiff's underlying state law theory as a negligence claim. Doc. 55 at 6; Doc. 52 at 6-7. Without ever identifying what cause of action Plaintiff is bringing under state law, Defendant Mesa argues the officers' actions were justified. Doc. 54 at 10-11. Plaintiff never states what his legal theory is under state law. When Plaintiff listed the elements of his claim, he relied on a United States Supreme Court case dealing with a § 1983 excessive force claim. Doc. 61 at 10 (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)).

The Court has reviewed the Arizona Pattern Jury Instructions and cannot locate a free

- 6 -

standing state law claim for "excessive force."[5] Thus, to the extent that Plaintiff is truly bringing a "state law excessive force" claim, Plaintiff has cited no Arizona cases that recognize such a theory of liability; accordingly, Plaintiff has failed to state a claim under Arizona law and this theory is dismissed. However, for purposes of this Order, the Court will give Plaintiff the benefit of the doubt, as Defendants did, that he is bringing a negligence claim.

> To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages.

*Gipson v. Kasey*, 150 P.3d 228, 230 ¶ 9 (Ariz. 2007).[6]

Based on the language of Plaintiff's complaint, each Defendant moved for summary judgment based on Plaintiff's allegation that he was shot and the he suffered injuries from that shooting. In his response to the motion for summary judgment, Plaintiff's theory of injury appears to now include how he was apprehended after he was shot. The Court will consider the injuries arising from the shooting first.

As quoted above from Plaintiff's complaint, Plaintiff's only theory of state law based liability is *respondeat superior*. Under Arizona law, liability under a *respondeat superior* theory means an employer may be held liable for the negligent acts of its employees when

---

[5] Arizona civil law does appear to recognize a tort claim for excessive force in the context of the amount of force used to defend oneself in a self-defense context and in the wrongful death context. *See Sonoran Desert Investigations, Inc. v. Miller*, 141 P.3d 754, 760 ¶ 22 (Ariz. App. 2006).

[6] The Court further explained:
The first element, whether a duty exists, is a matter of law for the court to decide. [citation omitted]. The other elements, including breach and causation, are factual issues usually decided by the jury. [citation omitted]. [However,] Although breach and causation are factual matters, summary judgment may be appropriate if no reasonable juror could conclude that the standard of care was breached or that the damages were proximately caused by the defendant's conduct. [citation omitted].
*Gipson*, 150 P.3d at 230 ¶ 9 & n. 1.

- 7 -

1  those acts are within the scope of the employee's employment. *Engler v. Gulf Interstate
2  Engineering, Inc.*, 280 P.3d 599, 601 ¶ 9 (Ariz. 2002).

3  In this case, the employer/employee relationship has not been established. Plaintiff
4  has never identified which officer shot him. Plaintiff concedes in his complaint that Mesa,
5  Gilbert and Maricopa County are three different entities. Any one of these entities would not
6  be liable for the actions each other's employees.

7  Any number of examples show why Plaintiff has failed to establish a disputed issue
8  of fact for trial against each entity Defendant. First, Plaintiff was shot twice. Doc. 53 at 5,
9  ¶ 34. Thus, it is not possible he was shot by an officer from all three Defendants. Second,
10 the Arizona Department of Public Safety Report found that twelve officers fired weapons,
11 including an officer from the Pinal County Sheriff's Office. Doc. 62-1 at 13. Thus, on this
12 record, it is possible that it was not an officer employed by one of the Defendants that shot
13 Plaintiff. Further, on this record, it is possible that Plaintiff was shot by his passenger, and
14 not by any of the officers. Accordingly, the fact that Plaintiff was shot, and the fact that
15 some officers[7] do not deny firing shots, is not sufficient to create an issue of fact for trial
16 against each entity Defendant that one of their employees was negligent. Accordingly, all
17 Defendants motions for summary judgment will be granted.

18 Turning to Plaintiff's new allegations of fact raised in the response to the Defendants'
19 motions for summary judgment, Plaintiff argues that unidentified officers "compounded the
20 problem by beating [Plaintiff] and dragging him face-down across hot asphalt pavement
21 while hand-cuffed." Plaintiff's counsel fails to cite to any evidence of record to support these
22 additional allegations. Further, Plaintiff did not make these factual allegations in his
23 complaint. Finally, "beating and dragging" is not a legal cause of action recognized under
24 state law and Plaintiff has failed to plead whether this additional, alleged conduct was an
25 assault, a battery, negligent, or some other theory. For these reasons, Plaintiff failed to plead,

---

[7] Gilbert offers evidence, which Plaintiff does not dispute, that no officers from Gilbert fired a weapon. Doc. 56-2 at 19. Thus, one entity denies that its officers fired any shots.

- 8 -

legally or factually, this claim in his complaint, and it is dismissed.

Additionally, counsel's failure to cite to anywhere in the record makes it nearly impossible to determine, even if this theory had been pleaded, whether there is evidence of record to create a disputed issue of fact sufficient to survive summary judgment under *Celotex*. Although not cited, the Court has read relevant excerpts of Plaintiff's deposition testimony. Plaintiff claims someone dragged him from his cover position behind the truck to the side of the street. Doc. 62-1 at 8 (Plaintiff's depo. page 64). Plaintiff then claims that after he was on the side of the street he was kicked once and punched once. *Id*. at 9 (Plaintiff's depo. page 66). Plaintiff then testifies that he cannot identify who drug him across the street, who kicked him, or who punched him; nor can he recall what their uniforms looked like. *Id.* at 9 (Plaintiff's depo. pages 66-68). This is the only evidence of record the Court has located to support these new factual allegations.

On this record, even if this claim had been pleaded, the Court finds Plaintiff has failed to show a disputed issue of fact for trial under a *respondeat superior* theory (regardless of the underlying tort on which the *respondeat superior* theory is premised) because, like Plaintiff's shooting claim, Plaintiff has failed to establish which employee from which Defendant is alleged to have "beaten" him. Accordingly, assuming this claim had been preserved in the complaint, Defendants motions for summary judgment will be granted because Plaintiff has failed to put forth any evidence against any individual Defendant.

**2.     Alternative Arguments in Support of Summary Judgment**

Defendants have alternatively moved for summary judgment on the state law claim on two additional theories that would apply to all Defendants. First, Defendants argue that their use of force was justified. Second, Defendants argue that Plaintiff failed to put forward any evidence that any officer breached the standard of care (which would be required to prove a negligence claim) because Plaintiff failed to disclose a standard of care expert. Additionally, Maricopa County has moved for summary judgment arguing Plaintiff, in response to a Request for Admission, admitted that he had no state law claim against Maricopa County. Gilbert has moved for summary judgment arguing that Plaintiff's notice

of claim was inadequate under *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 491 (Ariz. 2007).

### a. Justification

Under A.R.S. § 13-409, A.R.S. § 13-410(C) and A.R.S. § 13-413, "No person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter." A.R.S. § 13-413. Defendants argue that based on the testimony of their expert, and all the facts surrounding this case, they are entitled to judgment as a matter of law that their actions were justified. Plaintiff counters that he should be entitled to cross-examine Defendants' expert regarding whether Defendants' employees' actions were objectively reasonable. Doc. 61 at 5.

Arizona's justification statute is an affirmative defense, on which Defendants will bear the burden of proof. *Pfeil v. Smith*, 900 P.2d 12, 14 (Ariz. App. 1995). In a civil case, that burden will be by a preponderance of the evidence. *Id*. In a 2012 case, the Ninth Circuit Court of Appeals characterized the defenses available under A.R.S. § 13-410 as a statutory grant of immunity. *Marquez v. City of Phoenix*, 693 F.3d 1167, 1176 (9th Cir. 2012). As indicated above, Defendants argue that they have established their affirmative defense as a matter of law. Defendants premise their argument in part on their theory that their expert has opined that all officers who participated in apprehending Plaintiff acted reasonably and consistently with the governing standards. Doc. 56 at 4.

In *Marquez*, the Ninth Circuit Court of Appeals held:

> Finally, the Marquezes argue that the district court improperly granted summary judgment on their state law claims against the officers for wrongful death. Because we conclude that the officers acted reasonably in using force, this claim cannot succeed under Arizona law unless (1) the use of the X26 constituted "deadly force," and (2) the use of deadly force was not justified. Compare Ariz. Rev. Stat. § 13–409 (providing law enforcement officers with immunity for all reasonable uses of non-deadly force), with Ariz. Rev. Stat. § 13–410 (requiring an additional showing to immunize the use of deadly force).
> ...
> But even if the X26 did qualify as "deadly force"—a matter we need not decide—no reasonable jury could find that the circumstances here failed to justify the use of deadly force. The use of deadly force is permissible under Arizona law if an officer reasonably believes that it is necessary to "effect an arrest or prevent the escape from custody of a person whom the peace officer reasonably believes ... is likely to endanger human life or inflict serious bodily

- 10 -

> injury to another unless apprehended without delay." Ariz. Rev. Stat. § 13–410(C)(2)(c); *see also Garcia v. United States*, 826 F.2d 806, 812 & n. 14 (9th Cir.1987) (applying Arizona law under Federal Tort Claims Act to conclude that an officer was justified in using deadly force to prevent a "felonious and deadly assault" on himself by a suspect attacking him with a stick and a rock) (citing Ariz. Rev. Stat. § 13–410). No reasonable jury could find that Marquez was unlikely to endanger human life or inflict serious bodily injury if not subdued: at first, he would not release his granddaughter from a choke-hold, then he struggled viciously in close quarters against the officers attempting to restrain him, and his daughter, who had also been the victim of his attacks, remained in the room throughout. Thus, the district court properly awarded summary judgment on this claim.

*Marquez*, 693 F.3d at 1176-77.

A.R.S. § 13-410(C) states:

> C. The use of deadly force by a peace officer against another is justified pursuant to § 13-409 only when the peace officer reasonably believes that it is necessary:
> 1. To defend himself or a third person from what the peace officer reasonably believes to be the use or imminent use of deadly physical force.
> 2. To effect an arrest or prevent the escape from custody of a person whom the peace officer reasonably believes:
> (a) Has committed, attempted to commit, is committing or is attempting to commit a felony involving the use or a threatened use of a deadly weapon.
> (b) Is attempting to escape by use of a deadly weapon.
> (c) Through past or present conduct of the person which is known by the peace officer that the person is likely to endanger human life or inflict serious bodily injury to another unless apprehended without delay.
> (d) Is necessary to lawfully suppress a riot if the person or another person participating in the riot is armed with a deadly weapon.

Here, it is undisputed that Plaintiff was fleeing from police following his passenger killing a police officer. During the flight, Plaintiff's passenger threw tools at the pursuing police and shot at them. Plaintiff stopped his flight only because his car ran out of gas. Plaintiff and his passenger then hid from police while Plaintiff's passenger shot at the police officers. On this record, no reasonable jury could find that the unidentified officers' use of deadly force in shooting Plaintiff was not justified under A.R.S. § 13-410 and A.R.S. § 13-413. Thus, for the alternative reason that, regardless of which Defendants' officers (if any) shot Plaintiff, the officers' actions were justified and, therefore, no Defendant could be liable under a *respondeat superior* theory, Defendants' motion for summary judgment will be

- 11 -

granted on the merits.[8]

        **b.**     **Other Arguments in Favor of Summary Judgment**

Because the Court has decided that Plaintiff has failed to establish a disputed issue of fact for trial on his state law claim and that, alternatively, even if Plaintiff had established a disputed issue of fact, Defendants are entitled to summary judgment on their affirmative defense, the Court need not consider the Defendants' further alternative arguments in favor of summary judgment. Therefore, summary judgment on those theories is denied, as moot, without prejudice.

**IV.**    **Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendants' motions for summary judgment (Docs. 52, 54, 55) are granted for the limited reasons stated above. The Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff.

DATED this 24th day of June, 2013.

James A. Teilborg
Senior United States District Judge

---

[8] Because the Court has determined that Plaintiff did not plead a second state law claim for use of non-deadly force in his complaint, the Court has not considered A.R.S. § 13-409 (justification affirmative defense for use of non-deadly force) as part of Defendants' justification defense.

- 12 -